# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

LAURA RISINGER and
SUSAN RISINGER,

                Plaintiffs,        CIVIL NO.: _____

v.

                                       **COMPLAINT**

ACCRETIVE HEALTH d/b/a
MEDICAL FINANCIAL SOLUTIONS,

                                  **JURY TRIAL DEMANDED**

                Defendant.

_____

## JURISDICTION

1.     Jurisdiction of this Court arises under 28 U.S.C.  § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.     This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3.     Venue is proper in this district because the acts and transactions occurred in this district, Plaintiffs reside in this district, and Defendant transacts business in this district.

## PARTIES

4.     Plaintiff Laura Risinger (hereinafter "Plaintiff Laura"), is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.   Plaintiff Susan Risinger (hereinafter "Plaintiff Susan"), is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.   Plaintiff Laura is the natural daughter of Plaintiff Susan.

7.   Defendant Accretive Health d/b/a Medical Financial Solutions (hereinafter "Defendant"), is a "debt collector," as defined by § 1692a(6) of the FDCPA, operating from an address of 401 north Michigan Avenue, Suite 2700, Chicago, Illinois 60611.

## FACTUAL SUMMARY

8.   Sometime prior to November 2010, upon information and belief, Plaintiff Laura incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9.   Upon information and belief, Plaintiff Susan has no connection to this debt.

10.  Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

11.  Defendant began calling Plaintiff Susan's home telephone and leaving voicemail messages for Plaintiff Laura. These messages included detailed information respecting Plaintiff Laura's debt. The messages failed to identify Defendant as a debt collector attempting to collect a debt.

12.  Plaintiffs do not reside together.

13.   On November 29, 2011, Plaintiff Susan received a telephone call from Defendant. Plaintiff Susan answered that call, specifically instructing Defendant to cease calling. Plaintiff Susan explained that Plaintiff Laura did not live with Plaintiff Susan. Plaintiff Susan indicated that she did not have permission to release Plaintiff Laura's home telephone number to Defendant.

14.   Defendant has continued to call Plaintiff Susan's home telephone.

15.   The conduct of Defendant tolled considerable stress on Plaintiffs Susan and Laura. Plaintiff Susan reports fear or answering the telephone, nervousness, negative impacts on personal relationships, and frustration that her specific instructions have been disregarded. Plaintiff Laura reports sleeplessness, nervousness, embarrassment when talking to friends and family, anxiety, chest pains, feelings of hopelessness, and negative impacts on personal relationships.

## Violation of The Fair Debt Collection Practices Act

16.   The conduct of Defendant constitutes numerous violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(2), 1692b(3), 1692c(a)(1), 1692d, 1692e, and 1692e(11) amongst others.

## Respondeat Superior Liability

17.   The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff Susan-further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant.

3

18.    The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

19.    By committing these acts and omissions against Plaintiffs, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

20.    Defendant is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff Laura.

*Summary*

21.    The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

22.    Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiffs.

## TRIAL BY JURY

23.    Plaintiffs are entitled to and hereby respectfully demand a trial by jury.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE

## FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

24.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiffs.

26.     As a result of Defendant's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant:

### **COUNT I.**

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES**

### **ACT**

### **15 U.S.C. § 1692 et seq.**

27.    For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against

Defendant and for Plaintiffs;

28.    For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C.

§1692k(a)(2)(A) against Defendant and for Plaintiffs; and

29.    For an award of costs of litigation and reasonable attorney's fees pursuant to 15

U.S.C. § 1692k(a)(3) against Defendant and for Plaintiffs.


MARTINEAU, GONKO & VAVRECK, PLLC

Dated:  December 30, 2011

 s/ Mark L. Vavreck                                    .
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220
mvavreck@mgvlawfirm.com